# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# BATESVILLE DIVISION

CHRISTOPHER EVERETT                                                                PLAINTIFF
ADC #152664

v.                                              1:19-cv-00113-JM-JJV

CASEY MARTIN, *et al*.                                                           DEFENDANTS

## ORDER

Christopher Everett ("Plaintiff") filed a *pro se* Complaint under 42 U.S.C. § 1983 alleging excessive force. (Doc. No. 2.) On January 15, 2020, this case was stayed pursuant to *Younger v. Harris*. (Doc. No. 33.) Plaintiff now has filed a Motion to Lift Stay. (Doc. No. 77.) Defendants have responded, explaining that the Arkansas Supreme Court has issued an opinion affirming the lower court's earlier decision. (Doc. No. 78.) Accordingly, Plaintiff's Motion (Doc. No. 77) is GRANTED. I will now continue screening Plaintiff's Amended Complaint. (Doc. No. 24.)

## I.    SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be

weighed in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. ANALYSIS

In his Amended Complaint, Plaintiff brought claims under 42 U.S.C. § 1983 against Batesville Police Officer Larry Ring, Independence County Sheriff Shawn Stevens, Independence County Jailor Casey Martin, and a Jail Administrator identified only as Sissy; Plaintiff sued Defendants in their personal and official capacities. (Doc. No. 24.) At the time of the events, Plaintiff was a pretrial detainee at the Independence County Jail. (*Id*. at 3.) He alleges that Defendants punched him in the face while he was restrained in a "metal execution type chair" by wrist and foot shackles, a seat belt, over the shoulder chest straps, an abdomen strap, and a neck strap. (*Id*. at 7.) Plaintiff claims Defendants failed to provide medical care for the injuries he allegedly sustained as a result of the purported beating. (*Id*. at 6.)

As to official capacity claims, Plaintiff alleges:

> [p]olicies, procedures, practices were inadequate or insufficient to protect the plaintiff from civil violation. Training and support of staff were inappropriate to handle the composed situation. Failure to reprimand subordinates caused encouragement to further violate civil rights.

(*Id*. at 5.)

Plaintiff seeks damages for the alleged violations of his rights. (*Id*. at 10.)

As explained below, certain of Plaintiff's claims will be dismissed, while other claims will be served.

A.      **Official Capacity Claims**

Plaintiff sued Defendants in their personal and official capacities. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity claims against Defendant Ring are the equivalent of claims against the City of Batesville, while Plaintiff's official capacity claims against Defendants Martin, Stevens, and Sissy are the equivalent of claims against Independence County.

To establish municipal liability, a plaintiff must prove that an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional injury. *Corwin v. City of Independence, Missouri,* 829 F.3d 695, 699 (8th Cir. 2016) (*citing Monnell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)).

As set out above, Plaintiff alleged:

> [p]olicies, procedures, practices were inadequate or insufficient to protect the plaintiff from civil violation. Training and support of staff were inappropriate to handle the composed situation. Failure to reprimand subordinates caused encouragement to further violate civil rights.

(Doc. No. 24 at 5.)

Plaintiff has not identified an official policy he maintains resulted in the violation of his rights. His allegation regarding inadequate polices, practices, and procedures, then, presumably arise under custom. *See Kelly v. City of Omaha, Nebraska*, 813 F.3d 1070, 1075-76 (8th Cir. 2016). A municipality will not be liable for an alleged custom, however, unless a plaintiff can establish the custom is widespread and a policy-making official's "deliberate indifference to or tacit authorization of such conduct . . . after notice to the official[] of that misconduct." *Id*. (internal citations omitted). Plaintiff has not identified a custom that is widespread or carried out with a

policy-making official's "deliberate indifference to or tacit authorization of such conduct . . . after notice to the official[] of that misconduct." *See Kelly v. City of Omaha, Nebraska*, 813 F.3d 1070, 1075-76 (8th Cir. 2016).

Plaintiff's allegations regarding failure to train and failure to correct both require a showing of deliberate indifference. *Grayson v. Ross*, 454 F.3d 802, 811 (8th Cir. 2006); *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007); *Robinette v. Jones*, 476 F.3d 585, 591 (8th Cir. 2007) (claim for failure to train and claim for failure to train requires same analysis). But Plaintiff has not alleged that any Defendant had notice of unconstitutional behavior and disregarded or tacitly approved of the behavior. *See Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1216-17 (8th Cir. 2013). Accordingly, Plaintiff failed to state official capacity claims on which relief may be granted.

### B. Personal Capacity Claims

Plaintiff brought suit under 42 U.S.C. § 1983. To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

4

Plaintiff's personal capacity excessive force and deliberate indifference to serious medical needs claims against all Defendants survive screening. Defendants Martin and Ring already have been served; Defendant Martin has filed an Answer to Plaintiff's Complaint, and Defendant Ring has filed an Answer to Plaintiff's Amended Complaint. (Doc. Nos. 9, 30.) Service of Plaintiff's claims on Defendants Stevens and Sissy will be ordered.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion Lift Stay (Doc. No. 77) is GRANTED.

2. Plaintiff's official capacity claims are dismissed without prejudice for failure to state a claim on which relief may be granted.

3. The Clerk of the Court shall prepare Summons for Defendants Shawn Stevens and Sissy. The United States Marshal shall serve a copy of Plaintiff's Amended Complaint (Doc. No. 24), Summons, and this Order on Defendant Stevens and Defendant Sissy without prepayment of fees and costs or security therefore. Service on Defendant Stevens should be attempted through Independence County Sheriff's Office, 1750 Myers Avenue, Batesville, Arkansas 72501. Service on Defendant Sissy should be attempted through the Independence County Jail, 569 West Main Street, Batesville, Arkansas 72501.

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal of this Order would not be taken in good faith.

DATED this 26th day of May 2021.

                                          JOE J. VOLPE
                                          UNITED STATES MAGISTRATE JUDGE