IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER EVERETT,<br><br>Plaintiff,<br>v.<br><br>CASEY MARTIN, Jailer,<br>Independence County Jail, *et al.*<br><br>Defendants. | No. 1:19-cv-00113-JJV |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Christopher Everett ("Plaintiff") was arrested on September 26, 2018 by Batesville Police Officers Larry Ring, Christopher Little, and Bryan Strickland ("City Defendants") and taken to the Independence County Jail ("ICJ"). (Docs. 100-2, 100-5, 103.) Defendants say Plaintiff was combative during the booking process. *Id*. After he was placed in a detox cell, Plaintiff tied his t-shirt around his neck and started choking himself. *Id.* The City Defendants, Independence County Sergeant Casey Martin, and other non-party jailers removed the t-shirt from Plaintiff's neck and put him in a restraint chair. *Id.* Defendants claim Plaintiff was kicking, spitting, biting, and fighting them during the process. *Id.* Plaintiff says that, after he was fully restrained in the chair, Defendants punched him "dozens of times" in the face, splitting his lips, breaking a tooth, blackening his eyes, and fracturing his nose. (Doc. 82 at 5-6.) According to Plaintiff, Defendants left him in the restraint chair for "over three hours" causing him to vomit and urinate on himself. (*Id.*) He also says that, for three days, Defendants refused to let him shower and denied him any medical care for his injuries. (*Id.*)

While he was in custody, Plaintiff filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983

alleging Defendants violated his constitutional rights by using excessive force against him, subjecting him to inhumane conditions of confinement, and denying him adequate medical care for his injuries. (Docs. 2, 82.) Plaintiff included Sheriff Shawn Stevens and Jail Administrator "Sissy" as Defendants but later voluntarily dismissed his claims against them without prejudice. (Docs. 24, 82, 83.) Plaintiff, who is no longer in custody, seeks monetary damages and a jury trial. (Doc. 82.) And, all parties have consented to proceed before me. (Doc. 69.)

Defendant Martin has filed a Motion for Summary Judgment arguing all claims against him should be dismissed without prejudice because Plaintiff failed to properly exhaust his administrative remedies. (Docs. 98-100). The City Defendants have filed a Motion for Summary Judgment raising the same argument. (Docs. 101-103.) Plaintiff has not filed a Response, and the time to do so has expired. After careful review and for the following reasons, I am GRANTING both Motions for Summary Judgment and DISMISSING without prejudice Plaintiff's claims against Defendants Martin, Ring, Little, and Strickland.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th

Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of W. Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. ANALYSIS

#### A. Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint and complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized "it is the prison's requirements,

3

and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

### B. ICJ Grievance Procedure

The ICJ has a two-part procedure allowing detainees to grieve, among other things, "[a]llegations of abuse, neglect or mistreatment by staff or <u>other</u>. (Doc. 100-6 at 2) (emphasis added.) The written grievance must include the date and time of the alleged incident, "a specific description or summary of the incident," and the names of the "jail officer(s), inmate(s) or <u>other person(s)</u> involved in the incident." (*Id*. at 3) (emphasis added.) There is no deadline for filing a grievance, but the Jail Administrator or designee must provide a response within five working days. (*Id*. at 4.) Detainees who are dissatisfied with that response may file an appeal within twenty-four hours, and the Sheriff's or Chief Deputy's response is the final ruling. (*Id*. at 5.)

### C. Plaintiff's Grievances

According to the affidavit of ICJ custodian of records, Plaintiff filed nineteen grievances from his September 26, 2018 arrest until he was transferred to the Arkansas Division of Correction on July 9, 2019. (Docs. 100-1, 100-3.) But, only one grievance comes close to raising the issues brought in this lawsuit. (*Id.*) Plaintiff has not presented any contrary evidence, and my review of the record confirms the custodian's assertion to be correct.

On February 26, 2019, which was five months after the September 26, 2018 altercation, Plaintiff filed a grievance saying:

> Ms. Sissy I have been assaulted twice since I been here. The first was the first day I got here and the last was when I came back from hospital while I was in handcuffs and shackles. "Morris said he wrote a report of what happened where Winston beat on me and was choking me. I am in fear of my life and well being[,] being in this county with the guards that beat on me still employed here. I ask if you will let me go to Conway where I have warrants and be held there till my court date. I have been talking to my lawyer about a lawsuit so I feel my life is in dan[ger] here.  If I am not removed my lawyer will take actions need [illegible word] yall.

(Doc. 100-3 at 13.) On the same day, the Jail Administrator responded: "You can not transfer until you are done with us. (*Id*.)  Your next court date is March 26th pre trial Jury trial May 8th - 10th." (*Id*.)  Plaintiff did <u>not</u> appeal.  (*Id*.)

I agree with Defendants that this grievance is not proper exhaustion of the claims he is attempting to bring in this lawsuit for several reasons.  First and foremost, Plaintiff admits in his Amended Complaint that he did not file a grievance "presenting the facts set forth in this complaint."  (Doc. 82 at 4.)  Second, Plaintiff did not appeal the denial of that grievance to the Sheriff or Chief Deputy, as required by the ICJ's policy. *See Porter v. Sturm*, 781 F.3d 448, 449, 452 (8th Cir. 2015) ("[d]ismissal without prejudice is mandatory" when a prisoner does not complete the final stage of the grievance process); *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014) (a prisoner must pursue "the prison grievance process to its final stage").  Third, even though the above grievance mentioned an assault that occurred on the first day Plaintiff arrived at the ICJ, it did <u>not</u> include a "specific description or summary of the incident" or name any of "the involved parties," as required by the ICJ's exhaustion policy.  *See Muhammad v. Mayfield*, 933 F.3d 993, 1001 (8th Cir. 2019) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion"); *Townsend v. Murphy*, 898 F.3d 780, 784 (8th Cir. 2018) (dismissing a prisoner's § 1983 claim when he failed to specifically name

the defendants as required by the prison's grievance policy). And, I find it significant Plaintiff properly filed grievances about unrelated incidents of alleged excessive force at the ICJ. Third, it is clear from the grievance itself that Plaintiff is seeking a transfer to another facility rather than an investigation into force that was used against him. Finally, Plaintiff does not mention, at all, that he was subjected to inhumane conditions of confinement or denied medical care on or about September 26, 2018. *See Burns,* 752 F.3d at 1141 (finding improper exhaustion when the prison "was not asked to evaluate the conduct" of the defendant "or the distinct § 1983 claims first asserted" in the lawsuit); *Kozohorsky v. Harmon*, 332 F.3d 1141, 1143 (8th Cir. 2003) ("[W]hen multiple prison condition claims have been joined . . . the plain language of § 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims") (emphasis in the original). Thus, I conclude Plaintiff did not properly exhaust his administrative remedies regarding the claims raised against Defendants in this lawsuit.

However, that is not the end of the analysis because the PLRA only requires prisoners to exhaust their "available" administrative remedies. 42 U.S.C. § 1997e(a). Administrative remedies are "unavailable" when the grievance procedure is "so opaque that it becomes . . . incapable of use" or when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake,* 136 S. Ct. 1850, 1859-60 (2016); *Townsend,* 898 F.3d at 783.

In the Amended Complaint, Plaintiff says "Independence County does not have jurisdiction over Batesville Police Department. Independence County Grievance system does not allow grievances on Batesville Police Department." (Doc. 82 at 4.) This argument has no application to Sergeant Martin, the only remaining county Defendant. And, Plaintiff has not otherwise asserted administrative remedies were unavailable to exhaust his claims against him. Thus, I find

6

Defendant Martin is entitled to summary judgment.

I also find Plaintiff's argument has no merit as to his claims against the City Defendants because the ICJ policy clearly says detainees may grieve "[a]llegations of abuse, neglect or mistreatment by staff or <u>other</u>" and the grievance must include the names of the "jail officer(s), inmate(s) or <u>other person(s)</u> involved in the incident." (Doc. 100-6 at 2-3) (emphasis added.) Proper exhaustion is important "for cases ultimately brought to court" because "adjudication could be facilitated by an administrative record that clarifies the contours of the controversy." *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Johnson*, 340 F.3d at 626-27. The event in controversy here occurred at the ICJ where it may have been captured on security cameras or witnessed by third parties. If Plaintiff had filed a grievance at the ICJ raising his claim against all four Defendants, security footage may have been preserved, witness statements may have been obtained, internal investigations may have been conducted, and a record for potential litigation or internal disciplinary proceedings may have been created. Nevertheless, Plaintiff did not start the process by filing a grievance specifically naming Defendants and raising the claims he seeks to pursue against him in this lawsuit. There is no evidence the ICJ grievance system was incapable of use for Plaintiff's claims against the City Defendants or that he was thwarted from using that process through machination, misrepresentation, or intimidation. For these reasons, I find administrative remedies were "available" to Plaintiff, but he failed to properly use them. Consequently, I conclude Defendants Martin, Ring, Little, and Strickland are entitled to summary judgment. *See Jones,* 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

## IV. CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.Defendant Martin's Motion for Summary Judgment (Doc. 98) is GRANTED, and all claims against him are DISMISSED without prejudice.

2.The City Defendants' Motion for Summary Judgment (Doc. 101) is GRANTED, and all claims against Defendants Little, Ring, and Strickland are DISMISSED without prejudice.

3.This case is CLOSED.

4.I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Memorandum and Order and the accompanying Judgment would not be taken in good faith.

DATED this 13th day of October 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE